IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBSON FORENSIC, INC., | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ERIC HEIBERG, P.E., | : | NO. 16-1703 |
|     Defendant. | : | |

M E M O R A N D U M

**Stengel, J.**                                                                                                   **May 31, 2016**

      The Plaintiff, Robson Forensic, Inc. ("Robson") brings this suit against its former employee, Defendant Eric Heiberg ("Heiberg"), to recover damages allegedly suffered as a result of the Defendant's post-employment competition.  The Defendant has now moved to dismiss two of the five counts contained in the complaint, arguing that the Plaintiff's claims for intentional interference with contractual relations and unfair competition should be dismissed pursuant to the gist of the action doctrine.  In the alternative, he argues that the Plaintiff has failed to plead adequately these two causes of action.

      Although I find that the claims are not precluded by the gist of the action doctrine, because the Plaintiff has not pleaded an adequate factual basis for its two tort claims, as explained below, I will dismiss Counts IV and V of the complaint without prejudice.

I. BACKGROUND

Robson is a Pennsylvania corporation that provides forensic expert services both throughout the United States and internationally. Compl. ¶¶1-2. On August 13, 2006, Robson hired Heiberg as a full-time forensic expert. Id. at ¶ 7. Around that time, Heiberg signed an employment agreement, which provided that either party could terminate it after thirty days' notice. Id. at ¶ 13; Doc. No. 1 at 28 ¶ 26. The agreement also contained the following provisions that governed Heiberg's ability to compete with Robson both during and after his employment:

> 28. You may not carry out any forensic consulting work in your own name or for any other firm. You may carry out non-forensic consulting work to a limited extent. However, this is not encouraged, as we want you to pursue development of our practice on a full-time basis. Any non-forensic consulting work that you carry out will not be conducted in the name of, or associated with, RF. You will keep abreast of any significant non-forensic work and the time commitment expected.
>
> 30. In the event that you decide to terminate your association with Robson Forensic, you will pay Robson Forensic 15% of all proceeds (gross funds received) from any forensic practice of your own, in areas (roughly two and one half hour radius) where Robson Forensic has established offices, for a period of 3 years after you terminate. Payments will be made monthly on the proceeds as you receive them.

Id. at 28 ¶¶ 28, 30.

On February 10, 2014, Heiberg resigned, effective February 13, 2014. Compl. ¶ 19. After leaving Robson's employ, Heiberg began his own forensic expert practice and has since been providing services in direct competition with Robson. Id. at ¶ 22. To date, however, Heiberg has not made any payments pursuant to Paragraph 30 of the

employment agreement, despite providing services within areas that would trigger his obligation to do so.  Id. at ¶¶ 22-25.

Robson's Complaint contains the following five counts: (I) breach of contract; (II) declaratory judgment; (III) equitable accounting; (IV) unfair competition; and (V) intentional interference with contractual relations.[1]  See generally Compl.  The Defendant now moves to dismiss Counts IV and V of the Complaint.

## II.   STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether to grant a motion to dismiss, a federal court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Id.; see also D.P. Enters. v. Bucks Cnty. Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

A plaintiff need not, however, plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  The "complaint must allege facts suggestive of [the proscribed] conduct."  Twombly, 550 U.S. at 564.  Neither "bald assertions" nor "vague

---

[1] The Plaintiff originally filed suit in the Lancaster County Court of Common Pleas.  On April 8, 2016, the Defendant removed the case to federal court.  I am satisfied that pursuant to 28 U.S.C. § 1332, I have jurisdiction over the matter.

and conclusory allegations" are accepted as true. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). Instead, the claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Serv. Ctr., 464 F.3d 450, 456 (3d Cir. 2006)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III. DISCUSSION

The Defendant argues that the gist of the action doctrine precludes the Plaintiff's claims for intentional interference with contractual relations and unfair competition. In the alternative, he argues that the Plaintiff's claims should be dismissed as it has failed to state a claim pursuant to Rule 12(b)(6). While I hold that the gist of the action doctrine does not bar the Plaintiff's claims, for the following reasons I will grant the Defendant's Motion to Dismiss, as the Plaintiff has not adequately pleaded its two tort claims.

#### a. Gist of the Action Doctrine

Pennsylvania's "gist of the action" doctrine precludes a plaintiff from "recasting ordinary breach of contract claims into tort claims." eToll, Inc. v. Elias/Savion Advert., Inc., 2002 PA Super 347, ¶¶ 13-14, 811 A.2d 10, 14 (2002). The doctrine bars tort claims

> (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract.

Reed v. Dupuis, 2007 PA Super 68, 920 A.2d 861, 864 (Pa.Super.Ct.2007) (internal citations omitted).

I find that neither the Plaintiff's unfair competition claim nor its intentional interference with contractual relation claim is barred by the gist of the action doctrine. Under Pennsylvania law, there are four elements of a tortious interference with contractual relations claim:

> (1) the existence of a contractual, or a prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of a privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.

Crivelli v. Gen. Motors Corp., 215 F.3d 386, 394 (3d Cir. 2000) (quoting Strickland v. Univ. of Scranton, 700 A.2d 979, 985 (Pa. Super. Ct. 1997)); see also Mumma v. Wachovia Bank, N.A., No. CV 09-4765, 2016 WL 874782, at *4 (E.D. Pa. Mar. 2, 2016). Further, "Pennsylvania common law traditionally defines unfair competition as the "passing off" of a rival's goods as one's own, creating confusion between one's own goods and the goods of one's rival." Giordano v. Claudio, 714 F. Supp. 2d 508, 521 (E.D. Pa. 2010) (citing Scanvec Amiable Ltd. v. Chang, 80 Fed.Appx. 171, 180 (3d Cir.2003)). Courts also have "recognized a cause of action for the common law tort of

unfair competition where there is evidence of, among other things, trademark, trade name, and patent rights infringement, misrepresentation, tortious interference with contract, improper inducement of another's employees, and unlawful use of confidential information." Synthes (U.S.A.) v. Globus Med., Inc., Civ. A. No. 04–1235, 2005 WL 2233441, at *8 (E.D. Pa. Sept. 14, 2005) (citations omitted).

Here, the employment agreement between the parties did not forbid the Defendant from engaging in post-employment competition.  Rather, it stated,

> 30. In the event that you decide to terminate you association with Robson Forensic, you will pay Robson Forensic 15% of all proceeds (gross funds received) from any forensic practice of your own, in areas (roughly two and one half hour radius) where Robson Forensic has established offices, for a period of 3 years after you terminate. Payments will be made monthly on the proceeds as you receive them.

Doc. No. 1 at 28 ¶ 30.  Because the agreement did not prohibit post-employment competition, the Plaintiff's claims for intentional interference and unfair competition do not arise from the parties' contract.  Therefore, I hold that the gist of the action doctrine does not bar the Plaintiff from bringing these two tort claims against the Defendant.

### b.  Failure to State a Claim

Nonetheless, I will grant the Defendant's Motion, without prejudice, as the Plaintiff has not pleaded sufficient facts to support these claims.  While the Plaintiff has provided an adequate factual basis for its breach of contract claim, it has not pleaded a sufficient factual basis for its two tort claims.  Rather, it has provided what Twombly prohibits—a "formulaic recitation of the elements" that is not sufficient to withstand a 12(b)(6) motion to dismiss.  Twombly, 550 U.S. at 555.  Therefore, I will grant the

Defendant's Motion to Dismiss and dismiss Counts IV and V of the Plaintiff's Complaint.  I will do so, however, without prejudice, and grant the Plaintiff leave to amend its complaint within twenty days.

## IV.    CONCLUSION

Although I find that the Plaintiff's claims for intentional interference with contractual relations and unfair competition are not barred by the gist of the action doctrine, for the foregoing reasons I will grant the Defendant's Motion to Dismiss as the Plaintiff has not pleaded sufficient facts to sustain its claims.  I will do so, however, without prejudice and the Plaintiff shall have twenty days to amend its complaint.

An appropriate Order follows.